IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
|  MINH VU HOANG | | Bankruptcy No. 05-21078-TJC |
|  THANH HOANG | * | Bankruptcy No. 05-25738-TJC |
|     Debtors | | (Chapter 7) |
| | * | |
| | | Jointly Administered Under |
| | * | Bankruptcy No. 05-21078-TJC |

           *   *   *

| | | |
|---|---|---|
| GARY A. ROSEN, TRUSTEE | * | |
| One Church Street, Suite 802 | | |
| Rockville, Maryland 20850 | * | |
|     Plaintiff | | |
| | * | |
|     vs. | | Adversary No. _____ |
| | * | |
| ASA, LLC | | |
|     Serve:  Neena Kapur | * | |
|             Resident Agent | | |
|             15330 River Road | * | |
|             Germantown, MD 20874 | | |
|     and | * | |
| MINH VU HOANG | | |
| 9101 Clewerwall Drive | * | |
| Bethesda, MD 20817 | | |
|     and | * | |
| | | |
| ALLAN P. FEIGELSON, | | |
|  SUBSTITUTE TRUSTEE | * | |
| 8337 Cherry Lane | | |
| Laurel, MD 20737-3102 | * | |
|     Defendants | | |

           *   *   *   *   *

**COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY,
INJUNCTIVE RELIEF AND FOR SALE OF REAL PROPERTY FREE AND CLEAR
OF CLAIMS AND INTERESTS**

H:\Documents\2007\2007.01\Hoang TRO\hoang.complaint.rs.012207.wpd

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Complaint for Declaratory Relief, Turnover of Property, Injunctive Relief and for Sale of Real Property Free and Clear of Claims and Interests*, respectfully states the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157 and U.S. District Court Local Rule No. 402. Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. §157(b)(2)(A), (E) (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**Parties**

2. On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA and an Order for Relief thereupon was entered. By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3  On July 12, 2005, the Debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA and an Order for Relief thereupon was entered. By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code

4. By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Movant Gary A. Rosen was appointed Chapter 11 Trustee therein. By further Order entered August 31, 2005, the Movant Gary A. Rosen was appointed Chapter 7 Trustee therein.

5. By Order entered September 23, 2005 in the case of Thanh Hoang, the Movant Gary A. Rosen was appointed Chapter 7 Trustee therein.

6. By Order entered September 28, 2005 in both of the above cases, this Court ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

7. The Defendant ASA, LLC (hereinafter "ASA") is a Maryland limited liability company with address as provided in the caption hereof.

8. At all times relevant to the matters hereinafter discussed, Minh Vu Hoang has asserted that all of the ownership interest in ASA is held by Neena Kapur and Sushant N. Kapur. Further, in negotiations with Ronald L. Schwartz, Esquire, purported counsel for ASA, Mr. Schwartz also has made that same affirmative representation regarding the ownership interests in ASA. Mr. Schwartz also has asserted to the undersigned counsel for the Trustee that Minh Vu Hoang is the agent of ASA and said individuals, but Mr. Schwartz has insisted that Ms. Hoang holds no ownership interest in ASA.

9. The Defendant Minh Vu Hoang is an adult resident of the State of Maryland with residence at the address set forth in the caption hereof.

10. Your Defendant Allan P. Feigelson, Substitute Trustee, is an adult resident of the State of Maryland. Mr. Fiegelson is an attorney-at-law who maintains his office at the address located as set forth in the caption hereof.

**Facts Common to All Counts**

*The Foreclosure Sale of the Walnut Street Realty*

11. On or about January 13, 2006, Mr. Feigelson caused to be sold that property located at 27 Walnut Street, Thurmont, Maryland 21788 (the "Walnut Street Realty") at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Frederick, Maryland and captioned as *Allan P. Feigelson, Substitute Trustee, Plaintiff v. Bradley*

*P. Fenton, Defendant* (Civil No. C-05-2959 in the Circuit Court for Frederick County, Maryland).

12. At the sale conducted as aforesaid, the successful purchaser for the Walnut Street Realty was ASA with the highest and best bid of $152,000.00.

13. At the sale conducted as aforesaid, ASA was represented by Minh Vu Hoang in a stated capacity of "Agent". See *Memorandum of Purchase at Public Auction* dated January 13, 2006 attached hereto and incorporated by reference herein as "Exhibit 1".

14. Pursuant to the terms of sale for the Walnut Street Realty, ASA, acting through Minh Vu Hoang, tendered the deposit required in the amount of $9,000.00.

15. The sale of the Walnut Street Realty was made by Mr. Feigelson and Harvey West Auctioneers ("West") contemporaneous with the separate public auction foreclosure sale by the said Substitute Trustee and auctioneer of a second unrelated property located at 7620 Ridge Road, Frederick, Maryland 21701 (the "Ridge Road Realty") in the case of *Allan P. Feigelson, Substitute Trustee,* Plaintiff *vs. Doreen Tregoning, et al*, Defendants (Case No. C-05-0179, in the Circuit Court for Frederick County, Maryland).

16. At the sale of the Ridge Road Realty conducted as aforesaid, the successful bidder was MVHP, LLC, also represented by Minh Vu Hoang. The deposit required by the terms of sale for the Ridge Road Realty was in the amount of $5,000.00.

17. Following the conclusion of bidding on both the Walnut Street Realty and the Ridge Road Realty, Minh Vu Hoang tendered to West numerous instruments and cash in the aggregate amount of $14,000.44; a sum just $0.44 in excess of the combined total of the deposits due for the Walnut Street Realty and the Ridge Road Realty.

18. The aggregate deposit tendered by Minh Vu Hoang as aforesaid for the Walnut Street Realty and the Ridge Road Realty was comprised of the following:

A. Check drawn on the account of Nancy L. Spencer Grigsby, Chapter 13 Trustee bearing Check No. 806949 payable to "Minh-Vu Hoang" in the amount of $400.44 ("Deposit Instrument No. 1"). See copy of Deposit Instrument No. 1 attached hereto and incorporated by reference herein as "Exhibit 2".

B. Housing Authority of Prince George's County ("Housing Authority") Check No. 178565 payable to Minh Vu Hoang in the amount of $1,200.00 ("Deposit Instrument No. 2") See copy of Deposit Instrument No. 2 attached hereto and incorporated by reference herein as "Exhibit 3".

C. Global Express Money Order No. 242851477 payable to "Alex Le" in the amount of $500.00 ("Deposit Instrument No. 3"). See copy of Deposit Instrument No. 3 attached hereto and incorporated by reference herein as "Exhibit 4".

D. Integrated Payment Systems, Inc. Money Order No. 821863606 payable to "Thanh Hoang" in the amount of $500.00 ("Deposit Instrument No. 4"). See copy of Deposit Instrument No. 4 attached hereto and incorporated by reference herein as "Exhibit 5".

E. Western Union/Weis Money Order No. 08-425599371 payable to "Min Hoang" in the amount of $450.00 ("Deposit Instrument No. 5"). See copy of Deposit Instrument No. 5 attached hereto and incorporated by reference herein as "Exhibit 6".

F. Wachovia Bank Cashiers Check No. 425187548 dated January 10, 2006 payable to "Alex Le" in the amount of $8,000.00 ("Deposit Instrument No.6"). See copy of Deposit Instrument No. 6 attached hereto and incorporated by reference herein as "Exhibit 7".

G. Cash in the amount of $2,950.00 ("Deposit Instrument No. 7").

<u>Deposit Instrument No. 1</u>

19. Examination of Deposit Instrument No. 1 reveals that the same was issued by Nancy L. Spencer Grigsby, Chapter 13 Trustee of this Court in the amount of $400.44 and was made payable to "Minh Vu Hoang".

20. Upon due inquiry, and upon information and belief, your Trustee is informed that Deposit Instrument No. 1 was issued in the ordinary course of business by the Chapter 13

Trustee as the payment of a claim filed on behalf of Minh Vu Hoang in the amount of $11,000.00 in the case of *In re: Kevin L. Newcomer*, Bankruptcy No. 02-13178-DK. See Proof of Claim dated April 30, 2003 and Amended Proof of Claim dated April 31, 2003 attached hereto and collectively incorporated by reference herein as "Exhibit 8".

21. All of the monies represented by Deposit Instrument No. 1 are the property of the Bankruptcy Estate of Minh Vu Hoang. None of the monies evidenced by Deposit Instrument No. 1 are the property of ASA. Nonetheless, Deposit Instrument No. 1 was applied in its entirety towards the purchase of the Walnut Street Realty by ASA.

<u>Deposit Instrument No. 2</u>

22. Even cursory review of Deposit Instrument No. 2 reveals that it is a payment by the Housing Authority to Minh Vu Hoang in the amount of $1,200.00. Said payment was tendered by the Housing Authority to Minh Vu Hoang under the Section 8 Housing Assistance Program in payment of the rent due for January, 2006 from tenant Ruth Harrison for that property located at 7729 Oxman Road, Landover, Maryland 20785 ("Oxman"). See *Section 8 HAP Payment List* attached hereto and incorporated by reference herein as "Exhibit 9". See also *Housing Assistance Payments Contract* between Housing Authority, Ruth Harrison and Minh Vu Hoang attached hereto and incorporated by reference herein as "Exhibit 10").

23. Examination of the Land Records maintained by the Clerk of the Circuit Court for Prince George's County, Maryland reveals that Oxman actually is owned by Segal General Partnership ("Segal") by that Deed dated June 7, 2004 recorded among said Land Records at Liber 20211, folio 0300; a copy of which said Deed is attached hereto and incorporated by reference herein as "Exhibit 11".

24. To the extent that Segal actually is a duly organized general partnership, 100% of the partnership interests in Segal are owned by Minh Vu Hoang and Thanh Hoang and are property of the Bankruptcy estates herein. In the alternative, Segal is the alter-ego of Minh Vu Hoang and Thanh Hoang.

25. All of the monies represented by Deposit Instrument No. 2 were the property of Segal and/or Minh Vu Hoang and/or Thanh Hoang. None of the monies evidenced by Deposit Instrument No. 2 were the property of ASA. Nonetheless, Deposit Instrument No. 2 was applied in its entirety towards the purchase of the Walnut Street Realty by ASA.

Deposit Instrument No. 3

26. Examination of Deposit Instrument No. 3 reveals that the same is a money order purchased from Mac's Liquors on January 3, 2006 and made payable to "Alex Le" in the amount of $500.00. Said money order bears the further notation "5604 Davey Street, Capital Heights, Maryland" (hereinafter the "Davey Realty") and a purchaser's name of "Stacy Nelson".

27. The Davey Realty was purchased from L. Daren Goldberg and David A. Kasuba, Trustees on September 29, 2005 at a settlement conducted by Minbilt, Inc. in which the purchaser of the property was identified as "Athena General Partnership". See copy of *HUD-1 Settlement Statement* prepared by Minbilt, Inc. attached hereto and incorporated by reference herein as "Exhibit 12".[1] The funds utilized to purchase the Davey Realty were drawn upon SunTrust Account No. 1000032420977 (the "Madison Plus Account") established by Van T. Vu

---

[1] "Minbilt, Inc." apparently refers to Minbilt Realty, Inc., a corporation formerly controlled by Minh Vu Hoang and owned equally by Minh Vu Hoang, Thanh Hoang, Van T. Vu and Hao Q. Vu. Said corporation is a Debtor in this Court in Case No. 05-90379.

and maintained in the name of Madison Plus, LLC ("Madison Plus"). Van T. Vu is the sister of Minh Vu Hoang and the sister-in-law of Thanh Hoang, and separately is a Debtor in Case No. 05-26521 now pending before this Court. Although the Debtor Van T. Vu established said Madison Plus Account just prior to the commencement of her bankruptcy proceeding, she concealed the existence of that account throughout the pendency of her bankruptcy case.

28. Substantially all of the $1,166,172.92 deposited into the Madison Plus Account during its existence was derived from assets owned directly or indirectly by Minh Vu Hoang and Thanh Hoang; title to which said assets has devolved by operation of law to your Plaintiff/Trustee. Further, to the extent that certain of those assets from which said funds were derived actually were owned, directly or indirectly by the said Van T. Vu and her brother, Hao Q. Vu (also a Debtor in Bankruptcy No. 05-26765), your Plaintiff/Trustee herein also has succeeded to all of the interests of said persons as a result of the recently approved settlements between the Trustee and Van T. Vu and Hao Q. Vu.[2]

29. Upon information and belief, the said Alex Le is the confederate and/or alter ego of Minh Vu Hoang in the conduct of her business affairs and those of the various Vu family entities.

30. Upon information and belief, Deposit Instrument No. 3 was tendered unto the said Alex Le as the agent of the owner of the Davey Realty as rent for the month of January, 2006.

31. All of the monies represented by Deposit Instrument No. 3 were the property,

---

[2] Substantial detail regarding the labyrinthine transfers involving Madison Plus and the Davey Realty heretofore has been presented to this Court in the Trustee's *Amended Motion for Substantive Consolidation* (Docket No. 652) at Paragraphs 85 through 107.

directly or indirectly, of the Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Deposit Instrument No. 3 were the property of ASA.  Nonetheless, Deposit Instrument No. 3 was applied in its entirety towards the purchase of the Walnut Street Realty by ASA.

<u>Deposit Instrument No. 4</u>

32.  Careful review of Deposit Instrument No. 4 reveals that the same is a Western Union Money Order issued on January 6, 2006 in the amount of $450.00 payable to "Min Hoang" and bearing a reference at the foot thereof of "9833 Whiskey Run, Laurel, Maryland 20723" (the "Whiskey Run Realty").

33.  On November 30, 2005, the Whiskey Run Realty was sold unto Sibelius, LLC at a foreclosure sale conducted by Thomas P. Door, Substitute Trustee.  Subsequently, Mr. Door conveyed the Whiskey Run Realty to Sibelius, LLC ("Sibelius") by a deed dated June 19, 2006 and recorded among the Land Records of Howard County, Maryland at Liber 10200, folio 534 (a copy of which said deed is attached hereto and incorporated by reference herein as "Exhibit 13"..

34.  Sibelius, LLC is a Maryland limited liability company which was organized on February 7, 2006 by Minh Vu Hoang.  See copy of *Articles of Organization* attached hereto and incorporated by reference herein as "Exhibit 14". [3]

35.  Upon information and belief, Sibelius is an alter ego of Minh Vu Hoang.  Further upon information and belief, all of the monies utilized to purchase the Whiskey Run Realty will

---

[3]   Obviously, Sibelius was organized over two months following the purchase of the Whiskey Run Realty.  Interestingly, on September 7, 2006, the Resident Agent of Sibelius, LLC was changed from Minh Vu Hoang to "Alexander Khanh Anh Le".  See copy of *Resolution to Change Principal Officer/Resident Agent* attached hereto and incorporated by reference herein as "Exhibit 15".

be proved to have been derived from or hopelessly commingled with the funds of Minh Vu Hoang and Thanh Hoang.

36. Upon information and belief, your Trustee avers that Deposit Instrument No. 4 represents the payment of rent to Minh Vu Hoang for the Whiskey Run Realty for the month of January, 2006.[4]

37. Upon information and belief, your Trustee avers that all of the monies represented by Deposit Instrument No. 4 were the property of the Estates of Minh Vu Hoang and Thanh Hoang. Further, your Trustee avers, upon information and belief, that none of the monies evidenced by Deposit Instrument No. 4 were the property of ASA. Nonetheless, Deposit Instrument No. 4 was applied in its entirety towards the purchase of the Walnut Street Realty by ASA.

Deposit Instrument No. 5

38. Examination of Deposit Instrument No. 5 reveals that the same is a cashier's check issued by Wachovia Bank on January 10, 2006 payable to "Alex Le" in the amount of $8,000.00. As of the present date, and in the absence of discovery and compulsory process, the Trustee is without information as to the source of those monies which funded the purchase of said cashier's check. However, your Trustee notes anew that Alex Le is the known agent and alter ego of Minh Vu Hoang in her operation of various real estate enterprises on behalf of herself and the

---

[4] Although the purchase by Sibelius of the Whiskey Run Realty was not consummated until June, 2006, the consistent practice of Minh Vu Hoang has been to collect rents from the existing tenants of properties purchased at foreclosure immediately following the auction sale and prior to ratification and consummation of such sales. Upon information and belief, Ms. Hoang employed that practice with respect to the Whiskey Run Realty and demanded and received payment of the rent therefor for the intervening months following sale of the same, including January, 2006.

members of the Vu family.

39. Upon information and belief, all of the monies represented by Deposit Instrument No. 5 will prove to be the property of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by Deposit Instrument No. 5 will prove to the property of ASA. Nonetheless, Deposit Instrument No. 5 was applied in its entirety towards the purchase of Walnut Street Realty by ASA.

Deposit Instrument No. 6

40. Examination of Deposit Instrument No. 6 reveals that the same is a money order payable to Thanh Hoang in the amount of $500.00 and bearing the purchaser's name thereon as "Barbara Lloyd".

41. Patently, the monies evidenced by Deposit Instrument No. 6 are property of the Bankruptcy Estate of Thanh Hoang and are subject to administration by your Trustee. None of the monies evidenced by Deposit Instrument No. 6 were the property of ASA. Nonetheless, Deposit Instrument No. 6 was applied in its entirety towards the purchase of the Walnut Street Realty by ASA.

Deposit Instrument No. 7

42. As noted above, Deposit Instrument No. 7 consists of cash in the amount of $2,950.00 which was tendered to West. As of the present date, and in the absence of discovery and compulsory process, the Trustee is without information as to the source of said cash portion of the Deposit.

*Closing on the Purchase of the Walnut Street Realty*

43. Following a substantial period of time and several failed attempts by Mr. Feigelson

to require the consummation of closing on the Walnut Street Realty, ASA acting through Minh Vu Hoang, finally closed on the purchase of the Walnut Street Realty on May 5, 2006. At that closing, Ms. Hoang tendered unto Mr. Feigelson the balance of the purchase price and settlement expenses in the amount of $146,861.50. Upon information and belief, said closing was conducted by Ms. Hoang on behalf of Minbilt Realty, Inc. as settlement agent. See copy of *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 16". As of the present date, and in the absence of discovery and compulsory process, the Trustee is without information as to the provenance of the balance of the purchase price.

44. Upon receipt of the above balance of the purchase price, Mr. Feigelson executed and delivered unto ASA, LLC, through its agent Minh Vu Hoang, his Substitute Trustee's Deed to the Walnut Street Realty. See copy of Deed attached hereto and incorporated by reference herein as "Exhibit 17".

45. Notwithstanding Mr. Feigelson's execution and delivery of that Substitute Trustee's deed, ASA, LLC and Minh Vu Hoang failed to cause the same to be recorded among the Land Records of Frederick County, Maryland.

### *Minh Vu Hoang's Post-Closing Requests and Demands*

46. On December 19, 2006, Ms. Hoang made request of Mr. Feigelson to cooperate with her and cause a post-closing substitution of purchaser to be made with respect to the Walnut Street Realty. See hand-written correspondence dated 12/19/2006 from Ms. Hoang to Mr. Feigelson attached hereto and incorporated by reference herein as "Exhibit 18". Upon information and belief, Ms. Hoang's request was made in the context of that Residential Contract of Sale (the "Contract") for the sale of the Walnut Street Realty for the purchase price of

$237,900.00 to Kourtney Crown, *et al*; said Contract having been negotiated and executed by ASA, LLC through the efforts of Ms. Hoang and her confederate Alex Le. A copy of which said Contract is attached hereto and incorporated by reference herein as "Exhibit 19".[5]

47. Upon consideration of Ms. Hoang's post-closing request for the substitution of purchaser with respect to the Walnut Street Realty as aforesaid, Mr. Feigelson properly refused that request. Upon that refusal, Ms. Hoang informed Mr. Feigelson that she had "lost" his original Substitute Trustee's Deed. As such, she requested instead that Mr. Feigelson execute and deliver a replacement Deed in the place and stead of the original Substitute Trustee's Deed executed and delivered as recited aforesaid.

48. Contemporaneous with Ms. Hoang's requests to Mr. Feigelson as above-described, the Trustee learned for the first time of the hitherto-concealed interest of the Estates in the Walnut Street Realty as above-described. Upon the Trustee's determination that the Estates had a substantial or complete ownership in the Walnut Street Realty, the Trustee made demand upon Mr. Feigelson that he take no action to cooperate with Ms. Hoang in the further derogation of the interests of the Estates with respect to the Walnut Street Realty. Specifically, the Trustee requested Mr. Feigelson not to cooperate in a post-closing substitution of purchaser and further requested that Mr. Feigelson not provide a replacement Substitute Trustee's Deed for the original Substitute Trustee's Deed previously delivered to Ms. Hoang as above-related.

49. Ms. Hoang and ASA have renewed their demand upon Mr. Feigelson for the delivery of a replacement deed; failing which delivery, Ms. Hoang and ASA have threatened Mr.

---

[5] Upon information and belief, Ms. Hoang sought such substitution of purchaser in order to evade the imposition of recordation and transfer taxes on the intermediate Deed from Mr. Feigelson to ASA.

Feigelson with suit. See copy of correspondence believed by your Trustee to have been prepared by Ms. Hoang and signed by Neena Kapur on behalf of ASA attached hereto and incorporated by reference herein as "Exhibit 20".

50. Further, Mr. Feigelson has been contacted by Ronald Schwartz, Esquire, former and current counsel for numerous Vu family member and entities, purportedly acting on behalf of the allegedly non-Vu family member principals of ASA. Mr. Schwartz has made similar demands upon Mr. Feigelson and threatened him with suit if he fails to comply with said demands.

51. The Trustee desires consideration by this Court of the above factual milieu (as supplemented by contemplated discovery herein). Upon consideration of that factual background, the Trustee seeks the issuance by this Court of a declaration of the ownership rights of all of the parties hereto with respect to the Walnut Street Realty.

52. Further, the Trustee desires injunctive relief to preserve the *status quo ante* with respect to the Walnut Street Realty and to shield Mr. Feigelson from the consequences of the Hobson's Choice with which he presently is confronted.

53. Finally, the Trustee seeks authority from this Court permitting the Trustee under 11 U.S.C. §363(f) and/or (h) to assume the obligations and rights of the seller under the Contract, and further authorizing the Trustee to execute and deliver a deed for the Walnut Street Realty and to accept the purchase price therefor from and claim of the interests of ASA, with the net proceeds of said sale to be held by your Plaintiff/Trustee subject to the claims and interests of ASA and the Estates, subject to further Order of this Court.

### Count I
### (Declaratory Relief)

54. The allegations contained in Paragraphs 1 through 53, *supra*, hereby are incorporated

by reference in the body of this Count I as if fully set forth herein.

55.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiff/Trustee and the Defendants ASA and Hoang with regard to the ownership of the Walnut Street Realty as contemplated in and authorized by 28 U.S.C. §2201.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  DECLARE that the Walnut Street Realty is the lawful property of the Trustee and the Bankruptcy Estates herein.

2.  DECLARE that the Defendants ASA and Hoang are without any legal right, title or interest in the Walnut Street Realty.

3.  DECLARE that the Trustee is entitled to all dominion and control over the Walnut Street Realty.

4.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count II
### (Turnover of Property to the Estate)

56.  The allegations contained in Paragraphs 1 through 53, *supra*, hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

57.  The Walnut Street Realty is property of the Estate as defined in 11 U.S.C. §541 which the Plaintiff/Trustee may use, sell or lease pursuant to 11 U.S.C. §363.  As such, the Defendants ASA and Hoang are obliged and should be required to deliver control of the Walnut Street Realty to the Trustee and account for the Walnut Street Realty or the value thereof pursuant to 11 U.S.C. §542(a).

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER that the Defendants ASA and Hoang deliver and turnover to the Plaintiff/Trustee all of their right, title and interest in and to the Walnut Street Realty including, *inter alia*, the execution and delivery of a Quitclaim Deed to the Walnut Street Realty in form and content sufficient to effect change of record title thereto among the Land Records of Frederick County, Maryland.

2. ORDER that the Defendants ASA and Hoang forthwith provide to the Trustee and file herein a complete accounting of all income and rents derived from the Walnut Street Realty.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count III
### (Injunctive Relief - Defendant Feigelson)

58. The allegations contained in Paragraphs 1 through 53, *supra*, hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

59. That as is described aforesaid, the possible joinder of the Defendant Feigelson in proceedings to substitute the purchaser for the Walnut Street Realty or the possible execution by the Defendant Feigelson of a replacement Substitute Trustee's Deed raises the spectre of the prospective transfer of the Walnut Street Realty to a third-party.

60. In order to protect the interest of the Estates in the Walnut Street Realty, and in order to preserve the *status quo ante*, your Plaintiff/Trustee respectfully urges that the Defendant Feigelson must be restrained and enjoined from: (a) the filing of any pleadings in the Circuit Court for Frederick County, Maryland related to a possible substitution of purchaser for the Walnut Street Realty; or (b) the execution and delivery of a replacement Substitute Trustee's

Deed for the Walnut Street Realty.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendant Feigelson from filing any pleadings in the Circuit Court for Frederick County, Maryland related to a possible substitution of purchaser for the Walnut Street Realty.

2. TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendant Feigelson from the execution and delivery of a replacement Substitute Trustee's Deed for the Walnut Street Realty.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count IV
### (Injunctive Relief - Defendant ASA and Hoang)

61. The allegations contained in Paragraphs 1 through 53, *supra*, hereby are incorporated by reference in the body of this Count IV as if fully set forth herein.

62. That as is described aforesaid, the possibility of proceedings to substitute the purchaser for the Walnut Street Realty or the possible recordation of the original (now claimed as lost) Substitute Trustee's Deed raises the spectre of the prospective transfer of the Walnut Street Realty to a third-party.

63. In order to protect the interest of the Estates in the Walnut Street Realty, and in order to preserve the *status quo ante*, your Plaintiff/Trustee respectfully urges that the Defendants ASA and Hoang must be restrained and enjoined from: (a) the filing of any pleadings in the Circuit Court for Frederick County, Maryland related to a possible substitution of purchaser for

the Walnut Street Realty; or (b) the recordation of the original (now claimed as lost) Substitute Trustee's Deed for the Walnut Street Realty.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants ASA and Hoang from filing any pleadings in the Circuit Court for Frederick County, Maryland related to a possible substitution of purchaser for the Walnut Street Realty.

2.  TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants ASA and Hoang from the recordation of the original (now claimed as lost) Substitute Trustee's Deed for the Walnut Street Realty.

3.  TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants ASA and Hoang to execute and deliver unto the Plaintiff/Trustee a Quitclaim Deed to the Walnut Street Realty in form and content sufficient to effect change of record title thereto among the Land Records of Frederick County, Maryland.

4.   ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count V
### (Sale Free and Clear)

64.  The allegations contained in Paragraphs 1 through 53, *supra*, hereby are incorporated by reference in the body of this Count V as if fully set forth herein.

65. The Walnut Street Realty constitutes property of the Estates.

66.  The purported interests of the Defendant ASA is in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. §363(f)(4).

67. Your Trustee desires to sell the Walnut Street Realty free and clear of the interests of the Defendant ASA with the interest of the said ASA, if any, attaching to the net proceeds derived from said sale.

68. Your Trustee proposes to sell the Walnut Street Realty upon the express terms and conditions of the Contract to the purchasers named therein, Kourtney Crown, *et al*.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee to sell the Walnut Street Realty unto the purchasers named and upon the express terms and conditions contained in the Contract free and clear of all interests of the Defendant ASA with all such valid interests, if any, attaching to the net proceeds derived from said sale.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

GARY A. ROSEN, CHARTERED

Dated:   January 22, 2007      By:    */s/ Gary A. Rosen*
                                                Gary A. Rosen
                                                One Church Street, Suite 802
                                                Rockville, MD 20850-4158
                                                Telephone: (301) 251-0202

SCHLOSSBERG & ASSOCIATES

By:   */s/ Roger Schlossberg*
     Roger Schlossberg
     134 West Washington Street
     P.O. Box 4227
     Hagerstown, MD 21741-4227

Telephone: (301) 739-8610

Attorneys for Trustee